⚖ **EFILED IN OFFICE**
CLERK OF SUPERIOR COURT
FORSYTH COUNTY, GEORGIA
**21CV-0402-3**
**Judge Philip C. Smith**
MAR 11, 2021 01:51 PM

*Greg G. Allen, Clerk*
*Forsyth County, Georgia*

## IN THE SUPERIOR COURT OF FORSYTH COUNTY
## STATE OF GEORGIA

| | | |
|---|---|---|
| **KATRINA OBERLE and** | § | |
| **CHRISTOPHER OBERLE,** | § | |
| | § | **CASE NO. _____** |
| **Plaintiffs,** | § | |
| | § | |
| **v.** | § | **JURY TRIAL DEMANDED** |
| | § | |
| **WAL-MART STORES EAST LP,** | § | |
| | § | |
| **Defendant.** | | |

## <u>COMPLAINT AND DEMAND FOR TRIAL BY JURY</u>

COMES NOW Plaintiffs Katrina Oberle and Christopher Oberle and states this their

Complaint and Demand for Jury Trial against Defendant Wal-Mart Stores East LP as follows:

## <u>PARTIES AND JURISDICTION</u>

1.

Plaintiffs Katrina Oberle and Christopher Oberle are citizens and residents of the State of

Ohio but were citizens and residents of the State of Georgia on the date of the incident that is the

subject of this litigation and submit themselves to the jurisdiction and venue of this Court by virtue

of the filing of this action.

2.

Defendant Wal-Mart Stores East LP ("Defendant") is a for profit foreign corporation

authorized to do business in the State of Georgia, with its principal office located in Bentonville,

Arkansas, and is subject to the jurisdiction of this Court. Pursuant to O.C.G.A. § 14-2-510(b)(1),

venue is proper in Forsyth County as Defendant maintains its registered agent in Forsyth County.

Defendant may be served by issuing Summons and a second original of this Complaint to its

registered agent for service: The Corporation Company, 112 N. Main Street, Cumming, Georgia

30040.

3.

The incident and injuries at issue in the present case occurred at Wal-Mart Super Center #4558 located at 4200 Salem Road, Covington, Georgia 30016.

4.

Jurisdiction and venue are proper in this Court.

**FACTUAL ALLEGATIONS**

Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 4 above as if they were restated verbatim.

5.

At all times material hereto, the Defendant owned and/or was in control of the property located at approximately 4200 Salem Road, Covington, Georgia 30016 and as such possessed said property with the intent to occupy and control it and held it open to the public for business purposes.

6.

On March 19, 2019, Wal-Mart Stores East LP was in legal possession of the premises located at 4200 Salem Road, Covington, Georgia 30016.

7.

Based upon information and belief, on or about March 19, 2019, Defendant was operating a retail store on the premises located at 4200 Salem Road, Covington, Georgia 30016.

8.

On or about March 19, 2019, Plaintiff entered said premises for the purpose of purchasing goods from the subject retail store.

9.

On or about March 19, 2019, upon entering said premises, Plaintiff assumed the legal status of an invitee as the term is defined under Georgia Law.

## COUNT I – NEGLIGENCE OF DEFENDANT

Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 9 above as if they were restated verbatim.

10.

On March 19, 2019, Plaintiff was an invitee at the Wal-Mart store located at 4200 Salem Road, Covington, Georgia 30016.

11.

While Plaintiff was shopping in the store, a displaced metal bar from the top shelf holding a sale sign fell, hitting Plaintiff in the head, shoulder, and arm.

12.

At all relevant times, it is believed that the Defendant owned and managed the subject Wal-Mart store and owed a legal duty of reasonable care to invitees to inspect and keep the premises in a safe condition and to warn Plaintiff of hidden dangers or defects that were not discoverable in the exercise of reasonable care.

13.

At all relevant times, Defendant, by and through its employees, had actual or constructive knowledge of the hazardous condition of the sign which caused Plaintiff's injuries.

14.

At all relevant times, Plaintiff had no knowledge of the unsafe and dangerous condition of the sign in the subject Wal-Mart and it was not discoverable by her in the exercise of reasonable

care.

15.

At all relevant times, Plaintiff exercised reasonable care for her own safety.

16.

At all relevant times, Defendant breached their duty of reasonable care as follows:

a)  Defendant failed to inspect the premises for dangerous conditions;

b)  Defendant failed to warn patrons of a dangerous condition they knew or should have known existed on the premises; and

c)  Defendant failed to remedy said dangerous condition when they knew or should have known it existed.

17.

As a result of the foregoing, Defendant breached its legal duty to Plaintiff in violation of O.C.G.A § 51-3-1.

18.

As a direct and proximate result of the aforesaid breaches of duty and negligence by Defendant, Plaintiff loose grape and fell, suffering personal injuries, including but not limited to injury to her neck, arm, and head. Additionally, Plaintiff suffered damages including past medical expenses in excess of $141,610.07 in past medical expenses and past and future mental and physical pain and suffering.

19.

By reason of the foregoing, Plaintiff is entitled to recover compensatory damages from Defendant in an amount to be proven at trial.

## COUNT II – LOSS OF CONSORTIUM

Plaintiffs reallege and incorporate herein by reference paragraphs 1 through 19 above as if they were restated verbatim.

20.

As a direct and proximate cause of Defendant's conduct, Plaintiff Christopher Oberle has suffered and will continue to suffer a loss of consortium with his wife, Plaintiff Katrina Oberle, including but not limited to, a loss of services, household labor, society, companionship, affection, and other related damages.

21.

Defendant is liable for the reasonable value of all damages allowed by law for Plaintiff Christopher Oberle's loss of consortium as determined by the enlightened conscience of impartial jurors.

## PRAYER FOR RELIEF

**WHEREFORE,** Plaintiffs respectfully pray and demands as follows:

a) That Process and Summons issue, as provided by law, requiring Defendant to appear and answer Plaintiffs' Complaint;

b) That service be had upon Defendant as provided by law;

c) That the Court award and enter a judgment in favor of Plaintiffs and against Defendant for compensatory damages in an amount to be proven at trial;

d) That Plaintiffs have a trial by a jury as to all issues; and,

e) That Plaintiffs have such other and further relief as the Court may deem just and proper.

This <u>11th</u> day of March, 2021.

Mylee McKinney, Esq.
Georgia Bar No. 122143
Attorney for Plaintiff

**LAW OFFICE OF MYLEE MCKINNEY**
1318 Price Street
Savannah, Georgia 31401
T: (770) 250-0958
F: (866) 728-5585
E: mylee.mckinney1@gmail.com

OF COUNSEL:
PULLIAM LAW GROUP
4163 Hospital Drive
Covington, Georgia 30014

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

CHANTEL FORD,                                          Civil Action File No.
                                                       1:21-CV-00993-ELR
        Plaintiff,

v.

WAL-MART, INC. dba SAM'S CLUB,
JOHN DOE AND JOHN DOE COMPANY,

        Defendants.
_____/

### ANSWER OF DEFENDANT WAL-MART, INC. dba SAM'S CLUB

COMES NOW, Defendant WAL-MART, INC. dba SAM'S CLUB (erroneously named), and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Wal-Mart, Inc. dba Sam's Club is not the proper defendant.

### SECOND DEFENSE

Plaintiff has failed to join an indispensable party.

### THIRD DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### FOURTH DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by

Plaintiff's own contributory negligence and failure to exercise ordinary care.

## FIFTH DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## SIXTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## SEVENTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## EIGHTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

I.

A.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph I. A. of Plaintiff's Complaint.

B.

Defendant admits the allegations contained in paragraph I. B. of the Plaintiff's Complaint, but shows that Wal-Mart Inc. dba Sam's Club is not the proper defendant. The correctly designated Defendant is Sam's East, Inc.

II.

Defendant admits the allegations contained in paragraph II of the Plaintiff's Complaint as to subject matter jurisdiction.   Defendant denies the remaining allegations contained in paragraph II of the Plaintiff's Complaint.

III.

Defendant denies all of the allegations contained in paragraph III of the Plaintiff's Complaint.

IV.

Defendant denies all of the allegations contained in paragraph IV of the Plaintiff's Complaint.

V.

Defendant denies the allegations contained in paragraph V  of the Plaintiff's Complaint.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff.  DEFENDANT DEMANDS TRIAL BY A JURY AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.

/s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088

/s/ Jennie Rogers
Jennie Rogers
Georgia Bar No. 612725
Attorneys for Defendant
WAL-MART, INC. dba SAM'S CLUB

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

The undersigned counsel certifies that the foregoing **Answer of Defendant** has been prepared with one of the font and point selections approved by the court in LR 5.1B.

/s/ Howard M. Lessinger
Howard M. Lessinger

Page -4-

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that on March 22, 2021, I electronically filed **ANSWER OF DEFENDANT WAL-MART, INC. dba SAM'S CLUB** with the Clerk of Court using the CM/ECF system which will automatically send email notification of such filing to attorneys of record.

<div style="margin-left: 40%;">

McLAIN & MERRITT, P.C.


  /s/ Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088
Attorneys for Defendant

</div>

3445 Peachtree Road, N.E.
Suite 500
Atlanta, GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com